### PEOPLE *v.* KUNEY.

1. CRIMINAL LAW—INDUSTRIAL HOME FOR GIRLS—AIDING SUBJECT TO LEAVE THE STATE—JUSTICE OF THE PEACE—DISQUALIFICATION—WAIVER.

In a prosecution for aiding and assisting a girl to leave the State, knowing her to be a subject of the industrial home for girls, without the consent of the board of control of the home, where defendant entered a plea of not guilty at his examination before a justice of the peace, the plea was a waiver of an alleged disqualification of the justice, on the ground that the justice held a clerical position in connection with the home, and was in fact an employé of the superintendent, the complaining witness in the case.

2. SAME—EVIDENCE—SUFFICIENCY.

In a prosecution for aiding and assisting a girl to leave the State, knowing her to be a subject of the industrial home for girls, without the consent of the board of control of the home, the introduction of the commitment, indorsed with the

approval of the circuit judge, to prove that the girl was legally subject to the control of the home, was sufficient to put in evidence the indorsement of the approval of the circuit judge thereon without special offer of the approval; and hence a contention that there was no proof of the fact· was untenable.

Exceptions before judgment from Lenawee; Chester, J. Submitted June 17, 1904. (Docket No. 191.) Decided July 27, 1904.

Le Roy Kuney was convicted of aiding and assisting a girl to leave the State, knowing her to be a subject of the industrial home for girls, without the consent of the board of control of said home. Affirmed.

*John E. Bird* and *J. L. O'Mealey,* for appellant.

*Theodore M. Joslin,* Prosecuting Attorney, for the people.

HOOKER, J. In 1901 the defendant's wife obtained from the industrial home for girls at Adrian one Lila Jackson, an inmate of said home, to serve as domestic, under the usual contract made by that institution. The girl lived and worked in defendant's family for a year and three days, until July 13, 1902, when she left, and went to Toledo. She was soon after returned to the home. Lucy Sickles, superintendent of the home, made complaint against defendant before one Charles Humphrey, a justice of the peace, by whom defendant was bound over to the circuit court, and he was afterwards informed against and convicted of the offense charged in the complaint and warrant, viz., of aiding and assisting a girl to leave the State knowing her to be a subject of said home, without the consent of the board of control of said home, contrary to the statute. He was convicted later, and has appealed.

The questions in the case are: (1) Was Humphrey, the justice, disqualified ? (2) Was the absence of proof that Lila Jackson was in the legal custody of the home, fatal ?

The first of these questions is predicated upon the fact that Humphrey held a clerical position in connection with the home, and expected to continue to hold it. It is claimed that he was an employé of Mrs. Sickles, the complainant. If there is any force in this claim, it was waived by the defendant's plea of not guilty. See *People* v. *Jones*, 24 Mich. 215.

To prove that Lila Jackson was legally subject to the control of the industrial home, the commitment was offered in evidence. The record, as amended, shows that the commitment is indorsed with the approval of the circuit judge. It is contended that the commitment only was offered in evidence, and that this did not justify the consideration of the appended indorsement. We think this overcritical. The commitment without the indorsement would not have been recognized or acted upon. It could not have been either legally or prudently. The indorsement is a part of the commitment, and was properly in evidence.

The conviction is affirmed, and, as we assume that the case is here before sentence, the court is directed to impose sentence, if he has not already done so.

The other Justices concurred.